IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
10/19/2012

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO: 12-30360 |
| FRANCES ANN HARGEST | § | CHAPTER 13 |
| | § | |
| Debtor(s). | § | JUDGE ISGUR |
| | § | |
| FRANCES ANN HARGEST | § | |
| | § | |
| Plaintiff(s), | § | |
| | § | |
| vs. | § | ADVERSARY NO. 12-03024 |
| | § | |
| HORIZON AUTOMOTIVE GROUP, LLC, | § | |
| et al | § | |
| | § | |
| Defendant(s). | § | |

## MEMORANDUM OPINION

Horizon Credit and Leasing Corp.'s Motion to Dismiss (ECF No. 25) and Horizon Automotive Group, LLC's Motion to Strike Plaintiff's Amended Complaint (ECF No. 41) are denied. Francis Ann Hargest's Motion for Partial Summary Judgment (ECF No. 24) is granted.

### Jurisdiction

The District Court has jurisdiction over this proceeding under 28 U.S.C. § 1334(a). Pursuant to 28 U.S.C. § 157(a), this proceeding has been referred to the Bankruptcy Court by General Order 2012-6.

**Background**

Francis Ann Hargest purchased a 2006 Ford F-150 ("the Vehicle") from Horizon Automotive Group, LLC d/b/a Dixon Motors[1] ("Dixon Motors") in October 2009. (ECF No. 22 at 2). Dixon Motors sold the Vehicle to Ms. Hargest and financed her purchase pursuant to a Motor Vehicle Retail Installment Sales Contract ("Contract 1"). Contract 1 was assigned to Horizon Credit and Leasing Corp, ("Horizon Credit"), a separate entity from Horizon Automotive and Dixon Motors. (ECF No. 26 at 2). The Vehicle was repossessed by Horizon Credit on July 21, 2011 due to delinquency and failure to maintain insurance as required by Contract 1. (ECF No. 26 at 3). On July 26, 2011, Ms. Hargest and Horizon Credit signed a new Motor Vehicle Retail Installment Sales Contract ("Contract 2"), and the Vehicle was returned to Ms. Hargest. (ECF No. 22 at 3).

On January 5, 2012, Horizon Credit repossessed the Vehicle again for delinquency and failure to maintain insurance as required by Contract 2. According to Defendants[2] the Vehicle had not been insured for over 6.5 months. (ECF No. 26 at 3). Ms. Hargest filed a voluntary Chapter 13 petition on January 13, 2012 ("Petition Date"). (Case No. 12-30360, ECF No. 1). Contracts 1 and 2 provided that in the event of repossession, Ms. Hargest had a right of redemption in the Vehicle and would be provided ten days notice before the Vehicle was sold.

---

[1] Horizon Automotive Group, LLC ("Horizon Automotive") is a 1% general partner in Horizon Automotive, Ltd. d/b/a Dixon Motors. (ECF No. 26 at 11). Gregory Zak is the 99% limited partner in Horizon Automotive, Ltd. d/b/a Dixon Motors. (ECF No. 26 at 11).

[2] It is unclear to what degree Horizon Automotive, Horizon Credit and Dixon Motors are related to one another. Ms. Hargest was seemingly unaware of which party she was dealing with as she originally brought suit only against Horizon Automotive, although Horizon Credit is the owner of Contracts 1 and 2. Although Horizon Credit is the owner, when Defendants responded to Ms. Hargest's January 17, 2012 demand letter for turnover of the Vehicle, Defendant's attorney indicated that, "Dixon Motors is declining to return the vehicle." Finally, Defendants attorney in his letter transmitting Horizon Automotive's answer to Ms. Hargest's attorney indicated that the correct party should be Horizon Credit, and if Hargest wanted to add Horizon Credit, he would file an answer on its behalf. (ECF No. 25 at 2). These facts suggest that while the relationship between the three entities is not clear, they work in close concert with one another and will be referred to collectively as "Defendants."

(ECF No. 24 at 5).  Defendants did not notify Ms. Hargest of any sale as of the Petition Date. (ECF No. 24 at 5).

Ms. Hargest notified Defendants of the bankruptcy filing via facsimile on January 13, 2012 and January 16, 2012.  (ECF No. 22 at 3).  Ms. Hargest contacted Defendants telephonically on January 16 and 17, 2012.  (ECF No. 22 at 3).  On January 17, 2012, Ms. Hargest forwarded a demand letter regarding turnover of the Vehicle.  (ECF No. 22 at 3). Defendants responded to the January 17 demand letter on the same date through their attorney Stephen G. Hunt.  (ECF No. 22 at 3).  Defendants stated that, "because of Ms. Hargest's frequent bankruptcy filings and their dismissals, and the lengthy lapse in insurance coverage, Dixon Motors is declining to return the vehicle to Ms. Hargest."  (ECF No. 22 at 3).  On January 16, 2012, Defendants received notice that Geico reinstated insurance coverage of the Vehicle effective January 14, 2012.  (ECF No. 26 at ).  Ms. Hargest commenced this adversary proceeding for turnover, violation of the automatic stay and damages on January 19, 2012. (ECF No. 1).  On January 24, 2012, Defendants offered to release the Vehicle to Ms. Hargest provided that she dismiss her complaint and enter an agreed order conditioning the automatic stay.  (ECF No. 26 at 4).  On February 1, 2012, Ms. Hargest declined the settlement offer. Nevertheless, the Vehicle was returned to her on the same date.  (ECF No. 26 at 4).

On April 11, 2012, Ms. Hargest filed her Unopposed Motion for Leave to File Amended Complaint in order to add Horizon Credit as a defendant.  (ECF No. 16).  This Court granted Ms. Hargest's Motion by an Order issued on April 27, 2012.  (ECF No. 19).  The Order gave Ms. Hargest fourteen days from the date of entry to amend her complaint.  (ECF No. 19 at 1).  Ms. Hargest filed her Complaint for Turnover, Violation of the Automatic Stay and Damages on May 17, 2012, twenty days after the April 27 Order was entered.  (ECF No. 22).  On August 24, 2012,

Horizon Credit filed its Motion to Dismiss for failure to timely join a necessary party, and insufficiency of service of process. (ECF No. 25). On September 26, 2012, Horizon Automotive filed a Motion to Strike Plaintiff's Amended Complaint setting forth the same arguments, failure to timely join a necessary party, and insufficiency of service of process. (ECF No. 41).

In her Response to the Motion to Dismiss and the Motion to Strike, Ms. Hargest admitted that her amended complaint was filed twenty days after the April 27 Order. (ECF No 28 at 2; ECF No. 44 at 1). Ms. Hargest also admitted that her Amended Complaint did not contain a certificate of service, and that no summons had been issued on the date of filing. (ECF No. 28 at 2).[3] Ms. Hargest asserts however that because Mr. Hunt is licensed to practice in this Court, he should have been registered as a filing user of the Court's electronic filing system (CM/ECF). (ECF No. 28 at 2; ECF No. 44 at 1). Had Mr. Hunt been registered with CM/ECF, he would have received notice of Ms. Hargest's filing. (ECF No. 28 at 2; ECF No. 44 at 1). Ms. Hargest served the summons on Horizon Automotive on August 27, 2012, (ECF No. 29) and on Horizon Credit on August 28, 2012 (ECF No. 30).

## Analysis

**Motion to Dismiss**

### *Failure to Timely Join a Necessary Party*

Rule 41(b) of the Federal Rules of Civil Procedure provides that a defendant may move for dismissal of an action or claim against him if the plaintiff fails to prosecute or comply with these rules or any court order. Rule 7041 of the Rules of Bankruptcy Procedure specifically adopts Rule 41. The established Rule in the Fifth Circuit is that failure to comply with an order of the court is grounds for dismissal under Rule 41(b) only where there is a clear record of delay

---

[3] Ms. Hargest denies this allegation in her Response to Horizon Automotive's Motion to Strike because by the time her Response was filed on October 16, 2012, Defendants had been properly served. (ECF No. 44 at 3).

or non-compliance, and lesser sanctions would not serve the best interests of justice. *Houston Citizens Bank & Trust Co. v. Dolleslager (In the Matter of Dolleslager)*, 618 F.2d 322, 324 (5th Cir. 1980). Lesser sanctions will normally suffice, and except in the most egregious circumstances the trial court should not resort to sanctions that interfere with a litigant's pursuit of his claim. *Id*.

The Court does not find Ms. Hargest's six day delay in filing her Amended Complaint significant enough to support Horizon Credit's Motion to Dismiss. Although Ms. Hargest does not provide an explanation for her untimely filing, there is no clear record of delay or non-compliance by Ms. Hargest in this case. Lesser sanctions will suffice in this instance, and Horizon Credit will be given the opportunity to seek recovery for any damages it incurred due to Ms. Hargest's delay. These will serve as a sufficient deterrent, and the Court will not preclude Ms. Hargest's pursuit of her claim.

### *Insufficiency of Service of Process*

Federal Rule of Bankruptcy Procedure 7004 adopts Federal Rule of Civil Procedure 4. Rule 4(m) provides that if a defendant is not served within 120 days after the complaint is filed, the court must dismiss the action without prejudice.

Pursuant to Rule 4(m) Ms. Hargest had until September 14, 2012 to serve the summons on the Defendants. Ms. Hargest served the summons on Horizon Automotive on August 27, 2012, (ECF No. 29) and on Horizon Credit on August 28, 2012 (ECF No. 30). Even had Ms. Hargest filed her Amended Complaint by the Court ordered fourteen day deadline, her service of summons on Defendants would still have been considered timely. Ms. Hargest thereby satisfied the requirements of Rule 4(m), and her failure to serve the summons on the date of filing her Amended Complaint does not provide a basis for dismissal.

**Motion to Strike**

As provided in Federal Rule of Procedure 15(a)(2), a motion to amend pleadings should be freely granted when justice so requires. *Barrett v. Indep. Order of Foresters*, 625 F.2d 73, 75 (5th Cir. 1980). "The Federal Rules are diametrically opposed to a tyranny of technicality and endeavor to decide cases on the merits." *Amberg et al. v. Fed. Deposit Ins. Corp.*, 934 F.2d 681, 686 (5th Cir. 1991).

As held above, the Court will not dismiss Ms. Hargest's complaint based on her six day delay in filing her Amended Complaint. Neither will the Court strike Ms. Hargest's Amended Complaint due to a six day delay. Either action would be contrary to the spirit of the Federal Rules which endeavor to decide cases on the merits. Striking Ms. Hargest's pleading would practically lead to disallowing the joinder of Horizon Credit as a defendant. It is apparent from Defendants' own pleadings that Horizon Credit is a necessary party in this action, and its participation will not be excused because of a technicality.

Further, lack of service of process cannot be a basis for striking Ms. Hargest's Amended Complaint. Defendants were served in compliance with Federal Rule of Civil Procedure 4(m), within 120 days of the filing of the Amended Complaint.[4]

---

[4] Defendants' counsel, who is licensed to appear in the Southern District, should be registered with CM/ECF and therefore receive electronic notification once a pleading is filed. The Southern District Administrative Procedures for Electronic Filing in Civil and Criminal Cases 2(A) requires that attorneys admitted to the Southern District register as filing users of CM/ECF. Although Defendants' counsel should be registered with CM/ECF, Ms. Hargest's counsel was notified at the time of filing the Amended Complaint that Mr. Hunt did not receive electronic notification. Mr. Hunt's failure to register with CM/ECF does not excuse Ms. Hargest's duty to serve Defendants by other means. Although both parties are partially at fault for the delay in Defendants receiving notice, what is relevant to the instant Motions is that Defendants received notice within the 120 days required by Rule 4(m).

**Summary Judgment**

*Summary Judgment Standard*

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Fed. R. Bankr. P. 7056 incorporates Rule 56 in adversary proceedings.

A party seeking summary judgment must demonstrate: (i) an absence of evidence to support the non-moving party's claims or (ii) an absence of a genuine dispute of material fact. *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009); *Warfield v. Byron*, 436 F.3d 551, 557 (5th Cir. 2006). A genuine dispute of material fact is one that could affect the outcome of the action or allow a reasonable fact finder to find in favor of the non-moving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

A court views the facts and evidence in the light most favorable to the non-moving party at all times. *Campo v. Allstate Ins. Co.*, 562 F.3d 751, 754 (5th Cir. 2009). Nevertheless, the Court is not obligated to search the record for the non-moving party's evidence. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003). A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record, showing that the materials cited do not establish the absence or presence of a genuine dispute, or showing that an adverse party cannot produce admissible evidence to support the fact.[5] Fed. R. Civ. P. 56(c)(1). The Court need consider only the cited materials, but it may consider other materials in the record. Fed. R. Civ. P. 56(c)(3). The Court should not weigh the evidence. A credibility determination may not be part of the summary judgment analysis. *Turner*

---

[5] If a party fails to support an assertion or to address another party's assertion as required by Rule 56(c), the Court may (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if, taking the undisputed facts into account, the movant is entitled to it; or (4) issue any other appropriate order. Fed. R. Civ. P. 56(e).

*v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).  However, a party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.  Fed. R. Civ. P. 56(c)(2).

"The moving party bears the burden of establishing that there are no genuine issues of material fact."  *Norwegian Bulk Transp. A/S v. Int'l Marine Terminals P'ship*, 520 F.3d 409, 412 (5th Cir. 2008).  The evidentiary support needed to meet the initial summary judgment burden depends on whether the movant bears the ultimate burden of proof at trial.

If the movant bears the burden of proof on an issue, a successful motion must present evidence that would entitle the movant to judgment at trial.  *Malacara*, 353 F.3d at 403.  Upon an adequate showing, the burden shifts to the non-moving party to establish a genuine dispute of material fact.  *Sossamon*, 560 F.3d at 326.  The non-moving party must cite to specific evidence demonstrating a genuine dispute.  Fed. R. Civ. P. 56(c)(1); *Celotex Corp. v. Cattrett*, 477 U.S. 317, 324 (1986).  The non-moving party must also "articulate the manner in which that evidence supports that party's claim."  *Johnson v. Deep E. Tex. Reg'l Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004).  Even if the movant meets the initial burden, the motion should be granted only if the non-movant cannot show a genuine dispute of material fact.

If the non-movant bears the burden of proof of an issue, the movant must show the absence of sufficient evidence to support an essential element of the non-movant's claim.  *Norwegian Bulk Transp. A/S*, 520 F.3d at 412.  Upon an adequate showing of insufficient evidence, the non-movant must respond with sufficient evidence to support the challenged element of its case.  *Celotex*, 477 U.S. at 324.  The motion should be granted only if the non-movant cannot produce evidence to support an essential element of its claim.  *Condrey v. Suntrust Bank of Ga.*, 431 F.3d 191, 197 (5th Cir. 2005).

*The Automatic Stay*

Under 11 U.S.C. § 541(a)(1), a bankruptcy estate is comprised of all the debtor's legal or equitable interests in property as of the commencement of the case. *Mitchell v. BankIllinois (In re Mitchell)*, 316 B.R. 891, 896 (S.D. Tex. 2004). If a secured creditor repossesses the debtor's property prepetition, that property may still be considered part of the bankruptcy estate. *Id.* (citing *United States v. Whiting Pools*, 462 U.S. 198, 207 (1983)). If a debtor still has an interest in the property that was repossessed prepetition, the creditor has a duty to turnover the property to the bankruptcy estate, regardless of whether the original repossession was lawful. *Id.* at 899. Failure to turnover such property constitutes a violation of the automatic stay. *Id.* A creditor seeking adequate protection of its collateral cannot retain possession of such collateral, but must seek protection from the court. *Id.* The creditor may suggest terms of adequate protection but it may not unilaterally condition return of the property on its own determination; any prerequisite to turnover must be determined by the bankruptcy court. *Id.* at 901.

Ms. Hargest had a contractual (if not also statutory) right of redemption in the Vehicle as of the Petition Date. Therefore the Vehicle constituted property of the estate, and Horizon Credit had a duty to turn the Vehicle over to Ms. Hargest on the Petition Date. Horizon Credit's argument that Ms. Hargest did not have insurance as required under Contract 2, is not a sufficient justification for Horizon Credit's decision to retain possession of the Vehicle. The offer that Horizon Credit made to Ms. Hargest on January 24, 2012 is also an insufficient justification for retention of the Vehicle because Horizon Credit is not able to unilaterally determine conditions for turnover, but should have turned the Vehicle over to Ms. Hargest and sought adequate protection or other relief from the Court.

The Court moreover provided adequate protection with respect to insurance through the Court's Order Authorizing Use of Vehicles Pursuant to § 363 and Providing Adequate Protection to Lienholders, issued January 18, 2012.[6] (ECF No. 6 at 4). The Order requires Ms. Hargest to maintain insurance on the Vehicle in the amount required by contract with any lienholder.[7] (ECF No. 6 at 4). Additionally, On January 16, 2012, Defendants received notice from Ms. Hargest's insurer that coverage of the Vehicle had been reinstated effective January 14, 2012.

Ms. Hargest has met her burden on her Motion for Summary Judgment. There is no genuine dispute as to any material fact since Defendants have admitted to receiving correspondence from Ms. Hargest informing them of the filing of the bankruptcy petition and requesting turnover of the Vehicle. Defendants further admit that they did not return the Vehicle until February 1, 2012. Defendants also admit that, prior to February 1, 2012, their offer to turn the Vehicle over was a conditional offer. Accordingly, it cannot be disputed that Defendants violated the automatic stay. Ms. Hargest's Motion for Partial Summary Judgment is granted. The Court finds that the Defendants willfully violated the automatic stay from the Petition Date through February 1, 2012. A separate hearing will be scheduled to determine the amount of damages, if any, resulting from the stay violation.

## Conclusion

The Court will enter an order consistent with this memorandum opinion.

SIGNED **October 19, 2012.**

Marvin Isgur
UNITED STATES BANKRUPTCY JUDGE

---

[6] The Court issues such an order in *every* chapter 13 case filed in this District. Counsel for both parties are aware of the order.

[7] If at any time while this Order was in effect Ms. Hargest did not maintain insurance on the Vehicle, she would have been legally barred from driving the vehicle. If she violated the order, it will be difficult or impossible for her to prove damages during the period of any violation.